UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORD, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FOSTER WHEELER USA CORPORATION, et al.,<br><br>    Defendants. | Case No. 15-cv-05426-JSW<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Docket No. 104 |

Now before the Court for consideration is the motion to remand, filed by Plaintiffs Charles Ford ("Mr. Ford") and Carol Ford ("Ms. Ford") (collectively "Plaintiffs"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for February 19, 2016, and it HEREBY GRANTING Plaintiffs' motion.

**BACKGROUND**

On or about June 15, 2015, Plaintiffs filed this action in the Superior Court of the State of California, County of Alameda ("Alameda County Superior Court"), asserting a variety of state law claims based on Mr. Ford's exposure to asbestos. (*See generally,* Notice of Removal, Ex. A (Complaint).)

On November 25, 2015, Defendant, Foster Wheeler Energy Corporation ("Foster Wheeler") removed this matter. Foster Wheeler asserts that during Mr. Ford's deposition, he testified that he worked aboard the USS Oklahoma City while employed by Bethlehem Steel Shipyards, in the late 1960s. (Notice of Removal ¶ 2 and Ex. B (Deposition of Charles Ford at 721:11-18, 725:25-726:18).) Foster Wheeler contends that it "manufactured marine boilers and

1   auxiliary equipment for use on Navy ships pursuant to contracts and specifications executed by the
2   Navy," including economizers on the USS Oklahoma City.  (Notice of Removal ¶ 6.)  Foster
3   Wheeler also contends that it was acting under the direction of an officer of the United States
4   within the meaning of 28 U.S.C. section 1442(a)(1).  (*Id.*)

On December 23, 2015, Plaintiffs filed a document entitled "Notice of Waiver of Federal Claims Against Removing Defendant Foster Wheeler Energy Corporation."  (Docket No. 103, Notice of Waiver.)  Notwithstanding the caption, in that document Plaintiffs state, through counsel, that they "hereby waive *any* claims against [Foster Wheeler] arising out of [Mr. Ford's] exposure to asbestos at military and/or federal government jobsites or from U.S. military and other federal government vessels."  (*Id.* at 2:3-5 (emphasis added).)[1]

## ANALYSIS

### A.    Legal Standards Relevant to Removal Jurisdiction.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441.  However, federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Generally, the removal statute is strictly construed against removal and any doubt as to the right of removal should be resolved in favor of remand.  *Gaus*, 980 F.2d at 566.  However, that is not the case concerning the federal officer removal statute.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) ("We recognize that defendants enjoy much broader removal rights under the federal officer removal statute than they do under the general removal statute[.]"); *Durham v.*

---
[1]   Plaintiffs also included a disclaimer in their Complaint.  (Compl. ¶ 9.)

1   *Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that, because it is important
2   to the federal government to protect federal officers, removal rights under 28 U.S.C. section 1442
3   are much broader than those under section 1441).  Section 1442 is interpreted broadly in favor of
4   removal.  *Durham*, 445 F.3d at 1252.

**B.     The Court Grants the Motion to Remand.**

Foster Wheeler removed this matter pursuant to the federal officer removal statute, which provides that "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" may remove to federal court.  28 U.S.C. § 1442(a)(1) Removal is proper if the moving party can (1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable defense to the plaintiff's claims; and (3) demonstrate a causal nexus between the plaintiff's claims and acts it performed under color of federal office.  *Fung v. Abex Corp.*, 816 F. Supp. 569, 571-72 (N.D. Cal. 1992) (citing *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989)); *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 431 (1999) (defense need only be colorable).

Foster Wheeler claims that it is shielded from liability by military contractors immunity as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).  In *Boyle*, the Supreme Court held that "[l]iability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."  *Id.*, at 512.  Plaintiffs have "waive[d] *any* claims against [Foster Wheeler] arising out of [Mr. Ford's] exposure to asbestos at military and/or federal government jobsites or from U.S. military and other federal government vessels."  (Notice of Waiver at 2:3-5 (emphasis added).)

This Court, other courts within this District, and courts within neighboring districts, have found similar disclaimers sufficient to eviscerate Foster Wheeler's grounds for removal.  *See Phillips v. Asbestos Corp. Ltd.,* No. 13-cv-05655-CW, 2014 WL 794051, at *2 (N.D. Cal. Feb. 26, 2014); *Lockwood v. Crane Co.*, No. 2:12-cv-01473-JHN-CW, 2012 WL 1425157, at *1-2 (C.D.

3

Cal. Apr. 25, 2012); *Pratt v. Asbestos Corp.*, No. 11-cv-03503 EMC, 2011 WL 4433724, at *1-2 (N.D. Cal. Sept. 22, 2011); *Dobrocke v. Allis-Chalmers Corp. Prod. Liability Trust*, No. 09-cv-01456 CW, 2009 WL 1464153, at *2 (N.D. Cal. May 26, 2009); *Madden v. A.H. Voss. Co.*, No. 09-cv-03786 JSW, 2009 WL 3415377, at *2-3 (N.D. Cal. Oct. 21, 2009); *Westbrook v. Asbestos Defendants*, No. 01-cv-01661-VRW, 2001 WL 902642, at *2-3 (N.D. Cal. July 31, 2001).

Foster Wheeler relies on a number of cases in which courts have rejected the principle that a plaintiff can obtain remand in this situation by way of waiver or disclaimers. *See, e.g., McMann v. Air & Liquid Systems Corp.*, No. 2:14-cv-00281-RSM, 2014 U.S. Dist. LEXIS 62687, at *7 (W.D. Wash. May 6, 2014); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 770 F. Supp. 2d 736, 741 (E.D. Pa. 2011). This Court previously reached the opposite conclusion in *Madden*, *supra*, and it is not persuaded by these cases that it should revisit that ruling.

The Court also finds some of the cases relied upon by Foster Wheeler distinguishable on their facts, because the courts found the disclaimers were not as broad as the disclaimer at issue here. *See, e.g., Wright v. A.W. Chesterton Co. Inc.*, No. 07-cv-05403 MJJ, 2008 WL512728, at *1 (N.D. Cal. Feb. 21, 2008) (plaintiffs disclaimer did not include failure to warn claims); *Oberstar v. CBS Corp.*, No. 08-cv-00118 PA (JWJx), 2008 U.S. Dist. LEXIS 14023, at *8 (C.D. Cal. Feb. 11, 2008) (plaintiff did not disclaim claims arising out of exposure occurring on Navy vessels); No. 06-cv-2271-CW, 2007 WL 1813821, at *1 n.2 (N.D. Cal. June 22, 2007) (distinguishing *Westbrook* because plaintiffs did not disclaim in writing *any* claims arising out of work done on U.S. Navy vessels). Thus, the Court finds that these authorities are inapposite.

Foster Wheeler also argues that Plaintiffs' waiver was not effective. However, as this Court previously stated in *Madden*, it "'sees no reason not to hold plaintiff[] to [his] waiver of claims arising out of work done on federal jobsites and vessels'" against Foster Wheeler. *See Madden*, 2009 WL 3415377, at *3 (quoting *Westbrook*, 2001 WL 902642, at *3.) If Plaintiffs subsequently attempt to bring such claims against Foster Wheeler, it can remove this matter at that time.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand. The Clerk

4

1 shall close this file and remand it to Alameda County Superior Court.

2 **IT IS SO ORDERED.**

3 Dated: February 12, 2016

_____
JEFFREY S. WHITE
United States District Judge

5